Samuel M. Gold, J.
This is a motion by defendants Alan Jay Lerner, Frederick Loewe, Lowal Corporation, and Columbia Broadcasting System, Inc. (hereinafter referred to as “ C. B. S.”) to stay an action brought against them by Herman Levin, pending arbitration of disputes between the parties.
The motion proceeds on the theory that the contract between the parties provides for arbitration of the claims made in plaintiff’s complaint in the present action. As the contracts relied upon by the defendants are not all between the same parties, the rights of each defendant to arbitration will be considered separately.
According to the allegations of the complaint, the defendants Lerner and Loewe entered into a joint venture with plaintiff for the production of “ my faib lady”. Some of the terms of this venture were embodied in a writing called “ The Production Contract”. The complaint alleges that “the defendants Lerner and Loewe, acting through defendant Lowal, and plaintiff, set forth the remaining unperformed terms of the production joint venture in a letter dated August 10,1955 from defendant Lowal to plaintiff.” (Lowal is a corporation all the stock of which was owned at the time by Lerner and Loewe.) The Production Contract provides that “ any claim, dispute, or controversy arising between the Producer (the plaintiff) and the Author (Lerner and Loewe) under, or in connection with, or out of, the contract, or the breach thereof shall be submitted to arbitration”. The August 10 letter agreement provides that “ any controversy or claim arising out of or relating to this contract, or the making, performance or breach thereof, shall be settled by arbitration ’ ’.
The first cause of action charges Lerner and Loewe with various breaches of the two contracts above referred to, viz.: (1) disposal of the subsidiary rights of “ My Fair Lady ” without obtaining the prior consent of plaintiff, as expressly required by the Production Contract, (2) application of the proceeds of said rights to their own use, in violation of the provisions of the Production Contract that plaintiff was to receive stipulated percentages of the net receipts from the sale of the subsidiary rights, and (3) failure to give plaintiff an opportunity to procure a better offer for the motion picture rights, in violation of the provisions of the Production Contract, which expressly entitles plaintiff to such an opportunity. Under the broad provisions of the two arbitration clauses above referred to, the defendants Lerner and Loewe are entitled to arbitration of the aforesaid breaches of contract. The fact that plaintiff has referred to them as being breaches of their implied-in-law *210 obligations as fiduciaries, as well as being breaches of contract, is immaterial.
The parties to the contracts clearly provided for arbitration of breaches of their provisions and cannot be deemed to have contemplated that the same breaches could form the basis of a lawsuit as violations of fiduciary obligations implied in law. Plaintiff urges that even if the alleged breaches are covered by the arbitration clauses, there should be no stay of the action, pending arbitration, because the breaches are so clear that there are no issues to arbitrate. The difficulty with plaintiff’s contention is that there is nothing presently before the court to indicate that no arbitrable issues are presented. The mere allegation of the pleading that Lerner and Loewe were guilty of the breaches complained of is insufficient, in itself, to establish that Lerner and Loewe did violate their contractual obligations. Provision will, however, be made in the order to be entered hereon, enabling plaintiff to vacate the stay if the breaches are so clear that there is nothing to arbitrate.
The first cause of action also charges Lerner and Loewe with having violated the provisions of a third contract, between them, the plaintiff, and C. B. S., known as “ The Television Rights Agreement”. That contract does not contain an arbitration clause. It gives C. B. S. an option to make one ‘ ‘ network broadcast ” of a television version of the musical play to be exercised by June 19,1960. The complaint alleges that Lerner and Loewe were guilty of wrongful conduct which would enable C. B. S. to exercise the option for an inadequate price. C. B. S. has submitted an affidavit, however, stating that it does not intend to exercise the option. The time for the exercise thereof has now expired. The obligations of the first cause of action, which charge Lerner and Loewe with breach of the Television Rights Agreement, are, therefore, academic.
The second cause of action is based upon the same breaches of contract as the first cause of action and therefore presents arbitrable questions. The third cause of action is not asserted against Lerner and Loewe. The fourth cause of action proceeds upon the theory that Lerner and Loewe gave O. B. S. an option to obtain rights in and to their next musical play, without giving plaintiff an opportunity to participate in said rights. This cause of action is predicated upon an alleged breach of an obligation implied in law, which has not been mentioned in the contracts between the parties. Although the arbitration clauses are very broad, the court is of the opinion that they are not broad enough to encompass a claim that Lerner and Loewe should have given plaintiff an opportunity to share in the rights *211 to a musical play they might subsequently write, which has no connection whatsoever with “ my fair lady
For the reasons indicated, Lerner and Loewe are entitled, as a matter of right, to a stay of the present action, except as to the fourth cause of action, pending arbitration.
Defendant Lowal Corporation is not a party to the Production Contract. It was originally a party, but assigned its rights to the plaintiff, who assumed its obligations by virtue of the provisions of the August 10 letter agreement. Lowal Corporation is a party to the letter agreement, but its only obligation thereunder was to assign the Production Contract to plaintiff. No charge is made that this obligation was violated. As none of the wrongs alleged in the complaint relate to the obligations of Lowal Corporation which are covered by an arbitration clause to which it is a party, it is not entitled to a stay of the action, pending arbitration.
The only contract containing an arbitration clause, to which C. B. S. could possibly be said to be a party, is one known as “ The Limited Partnership Agreement ”. Actually, C. B. S. is not a party to the agreement, which purports to be one between plaintiff, as general partner, and W. Spencer Harrison, an employee of C. B. S., as limited partner. It provides for the financing of the play. The complaint alleges, however, that the funds were supplied by C. B. S. through Harrison, and that the financing joint venture was actually between plaintiff and C. B. S.
The Limited Partnership Agreement contains an arbitration clause covering “ any controversy or claim arising out of or relating to this contract, or the making, performance or breach thereof”. The wrongs alleged in the complaint to have been committed by C. B. S. do not, however, include any violations of the provisions of the Limited Partnership Agreement. C. B. S., even if it be deemed a party to said agreement, is not a party to an agreement containing a provision for arbitration of any of the wrongs charged against it in the complaint. It is, therefore, not entitled to a stay of the action, pending arbitration.
Nor is this a proper case for granting C. B. S. and Lowal a stay of the action in the discretion of the court. The plaintiff did not agree to arbitrate the claims asserted against said defendants in the complaint and his action against them should not be stayed pending the arbitration between himself and Lerner and Loewe.
The motion is, accordingly, granted only to the extent of staying the action as to the first and second causes of action, insofar as they are asserted against Lerner and Loewe, and otherwise denied. It is, however, a condition of the granting of *212 said stay that Lerner and Loewe move to compel arbitration of the subject matter of said causes of action within 15 days from the service of a copy of this order, with notice of entry. In the event that said motion to compel arbitration should be denied, on the ground that the violations of the contracts are so clear that no bona fide disputes are presented for arbitration, plaintiff may move to vacate the stay herein granted.